# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIANNA MEDINA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-0075 |
| | : | |
| SHREE SAI SIDDHI WYOMISSING, LLC, | : | |
| Defendant. | : | |

## MEMORANDUM

Henry S. Perkin, M.J.                                                                               July 6, 2018

        This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Claims for Punitive Damages. The Motion was filed on April 17, 2018, Plaintiff's Brief in Support of Her Opposition to Defendant's Motion was filed on May 1, 2018, and Defendant's Reply Brief was filed on May 8, 2018. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. This case was originally assigned to the docket of the Honorable Jeffery L. Schmehl. The parties consented to trial before the undersigned pursuant to 28 U.S.C. § 636 and Judge Schmehl approved the consent and ordered the transfer on May 21, 2018. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on the matter.

## I.    Facts

        On January 1, 2018, Plaintiff Brianna Medina ("Plaintiff"), a Pennsylvania resident, filed a Complaint in the United States District Court in the Eastern District of Pennsylvania against Shree Sai Siddhi Wyomissing, LLC ("Defendant"), a Pennsylvania

corporation, asserting the following claims: discrimination under the Pregnancy Discrimination Act, 42 U.S.C. § 2000(e)(k),[1] and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951.

The Defendant limited liability corporation is the owner of a Hampton Inn hotel franchise location. Plaintiff was hired as a housekeeper in September of 2016. She informed her employer in October of 2016 that she was pregnant. Soon after, Plaintiff became aware that Defendant's general manager and other housekeeping employees were making fun of her while reviewing surveillance footage of Plaintiff struggling with a large load of laundry. Plaintiff's employment was terminated on November 24, 2016. She was told by Defendant's executive supervisor of housekeeping that she was being fired for "not keeping up with the pace" and that she "shouldn't be doing work like this while [] pregnant." Plaintiff alleges that Defendant's termination of her employment was motivated by animus towards her pregnancy, Defendant failed to accommodate her pregnancy, and Defendant's reason for firing Plaintiff was pretext.

In Plaintiff's Amended Complaint, filed February 8, 2018, she seeks relief, including punitive damages, under the Pregnancy Discrimination Act.[2] Defendant moves to dismiss Plaintiff's claim for punitive damages because Plaintiff fails to allege reckless or malicious conduct on Defendant's part.

---

[1] Counsel should be aware of the error in the Complaint mislabeling Plaintiff's Pregnancy Discrimination Act claim as "Count III" instead of "Count I."

[2] Plaintiff's initial and amended Complaints also sought punitive damages under the PHRA. However, Plaintiff withdrew her PHRA claim for punitive damages in her Opposition to Defendant's Motion to Dismiss the Plaintiff's Complaint.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). "The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of a plaintiff's claim. Wilkerson v. New Media Tech., 522 F.3d 315 (3d Cir. 2008) (quotations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Discussion

Defendant does not seek dismissal of Plaintiff's entire complaint. Rather, it moves to dismiss only Plaintiff's claim for punitive damages under the Pregnancy Discrimination Act.[3] To obtain punitive damages in cases of intentional employment discrimination, the plaintiff must show that the employer acted "with malice or with reckless indifference to the plaintiff's federally protected rights." EEOC v. Bob Evans Farms LLC, 275 F. Supp. 3d 635, 666 (W.D. Pa. 2017) (quoting Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999). "Reckless indifference means that the defendant had 'knowledge that it may be acting in violation of federal law.'" Walsh v. Nat'l Comput. Sys., 332 F.3d 1150, 1161 (8th Cir. 2003) (quoting Kolstad, 527 U.S. at 535).

---

[3] Defendant also moves to dismiss Plaintiff's PHRA claim for punitive damages, but as noted above, Plaintiff has withdrawn this claim.

3

Reckless indifference can be imputed to an employer if an employee commits a discriminatory act while in a managerial capacity within their scope of employment or if an employer "deliberately turned a deaf ear to discriminatory conduct." Id.

Plaintiff claims that Defendant acted with malice or reckless indifference towards her federally protected rights. Specifically, Plaintiff alleges that Defendant's general manager was "laughing and making fun of her" while watching her struggle with a load of laundry and that Defendant's executive supervisor of housekeeping fired Plaintiff for "not keeping up with the pace" while telling her that she "shouldn't be doing work like this while [] pregnant." Am. Compl. ¶¶ 13-15. Plaintiff's claims, particularly the statements by the executive supervisor of housekeeping, lead to the reasonable inference that discovery may reveal further evidence of malice or reckless indifference based on Plaintiff's pregnancy on behalf of Defendant. Thus, we decline to grant Defendant's motion to dismiss plaintiff's punitive damage claim. In the event that Plaintiff is unable to demonstrate that Defendant acted with malice or reckless indifference towards her federally protected rights, we note that Defendant will have the opportunity to file a motion for summary judgment following the close of discovery. See Taylor v. Lemus, No. 16-5407, 2017 WL 952344, at *2 n.2 (E.D. Pa. Mar. 10, 2017).

Plaintiff requests that, in the alternative, this Court grant her leave to amend her Complaint to further clarify her punitive damages claim. Defendant argues that this request should be denied because it is substantively deficient and procedurally deficient because Plaintiff should have filed a separate motion seeking leave to amend the Complaint instead of setting forth the request in the opposition to the motion to dismiss. Because the Court finds Plaintiff's punitive

damages claim sufficient to survive the motion to dismiss, we deny Plaintiff's request to amend at this time. Should Plaintiff wish to further amend her complaint, she will need to demonstrate that amendment will not be futile. <u>See</u> Fed. R. Civ. P 15(a)(2), <u>Shane v. Fauver</u>, 213 F.3d 113, 115-16 (3d Cir. 2000). <u>See also</u> <u>Ranke v. Sanofi-Synthelabo Inc.</u>, 436 F.3d 197, 205-06 (3d Cir. 2006).

An appropriate Order follows.